IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD LYNCH, JR.,

                Plaintiff,

v.

DANE COUNTY,
STATE OF WISCONSIN, and
JON/JANE DOE,

                Defendants.

OPINION & ORDER

14-cv-777-jdp

---

*Pro se* prisoner Gerald Lynch has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that several Wisconsin statutes relating to the state's Earned Release Program (ERP) are unconstitutional. Dkt. 1. Plaintiff contends that defendants, by enforcing the program's statutory provisions, have violated his Fifth and Fourteenth Amendment rights to equal protection and to substantive due process. In addition to his complaint, plaintiff has moved to add Governor Scott Walker as a defendant, Dkt. 13, and he has moved for assistance recruiting counsel, Dkt. 14.

Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1). The next step is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any *pro se* litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus I will dismiss his

complaint without prejudice. I will also deny as moot plaintiff's motion to add Walker as a defendant and his motion for assistance recruiting counsel.

ALLEGATIONS OF FACT

Plaintiff's factual allegations are sparse. Instead, most of his complaint contains legal arguments regarding the constitutionality of the ERP. I therefore draw the following background information about plaintiff's conviction from the decision on plaintiff's direct appeal of that conviction to the Wisconsin Court of Appeals, *State v. Lynch*, 2006 WI App 231, 297 Wis. 2d 51, 724 N.W.2d 656. Plaintiff cites to this decision in his complaint. *See* Dkt. 1, at 3.

Plaintiff is currently a prisoner at the Oakhill Correctional Institution, located in Oregon, Wisconsin. He pled no contest in the Wisconsin Circuit Court for Dane County to one count of homicide by intoxicated use of a vehicle and to two counts of fleeing from an officer resulting in bodily harm. The state court accepted plaintiff's plea and sentenced him to a 35-year bifurcated sentence. After his conviction, plaintiff pursued a direct appeal, and he has filed post-conviction motions in both state and federal court. Among the issues that plaintiff raised in his various court proceedings is his contention that the ERP is unconstitutional.

In Wisconsin, the ERP allows an inmate to earn early release from the confinement portion of his sentence if he completes a substance abuse program operated by the state's department of corrections. An inmate may participate in the ERP if he is incarcerated for a crime other than one excluded by statute, and if the sentencing court exercises its discretion to declare him eligible for the program. Homicide by intoxicated use of a vehicle, one of the


crimes to which plaintiff pled no contest, is on the statutory list of crimes that exclude an inmate from participating. Thus, by virtue of his plea, plaintiff was never eligible to participate in the ERP.

Plaintiff alleges that he had a constitutional right to be advised that pleading guilty to homicide by intoxicated use of a vehicle would preclude him from participating in the ERP. I understand plaintiff to allege that he received no such warning in this case, and that his plea was therefore entered unknowingly. I also understand plaintiff to allege that despite his excluding offense, the sentencing court nevertheless went ahead and determined whether he was eligible or ineligible. (Plaintiff does not explain how he was harmed by this determination, given that he was already statutorily excluded from participating in the ERP.) For relief, plaintiff asks the court to "render invalid the state procedures used to induce persons into pleading to [non-qualifying charges] which result in their immediate [statutory ineligibility] for the ERP." *Id.* at 5 (brackets in original).

ANALYSIS

I must dismiss plaintiff's complaint because he is effectively launching a collateral attack on his prison sentence in the form of an action under § 1983. This court cannot entertain such a challenge unless plaintiff's prison sentence has first been expunged or invalidated. The Supreme Court has held that a plaintiff convicted or sentenced for an offense cannot bring an action under § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [unless] the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. This bar applies "no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (original emphasis).

Here, success on plaintiff's claim would demonstrate the invalidity of his confinement. Plaintiff alleges that his plea was entered unknowingly because he never received notice of his ineligibility for the ERP. Dkt. 1, at 4. He is therefore implicitly challenging the validity of his underlying conviction and sentence because "[a] guilty plea operates as a waiver of important rights, and is valid *only* if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (emphasis added) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Plaintiff has not alleged that his conviction or sentence have been set aside—indeed, his complaint affirmatively alleges that he has been unsuccessful in his post-conviction efforts—and so *Heck* prevents plaintiff from using § 1983 as a collateral challenge to the constitutionality of his plea.

Plaintiff appears to recognize the problem that *Heck* and its progeny create for his complaint. *See* Dkt. 1, at 4. But plaintiff contends that he can nevertheless proceed because success on his claims would merely allow him to participate in the ERP, which would not shorten his overall sentence, but would instead convert the remainder of his custodial sentence to extended supervision. *Id.* Thus, plaintiff compares himself to the prisoners in *Wilkinson*, who the Supreme Court allowed to proceed with § 1983 actions that did not "necessarily spell speedier release." 544 U.S. at 82. Plaintiff's analogy is creative, but ultimately unpersuasive.

*Wilkinson* involved two Ohio prisoners who used § 1983 to challenge the constitutionality of their state's parole procedures. *Id.* at 76. Specifically, the prisoners contended that after they began serving their sentences, Ohio adopted new guidelines for determining parole eligibility and suitability. *Id.* at 76-77. According to the prisoners, these guidelines were less favorable than their predecessors were, and so the prisoners sought a declaration that applying the new guidelines violated their rights under the Ex Post Facto Clause. *Id.* The district court concluded that § 1983 was the incorrect procedural vehicle for the prisoners' actions, and it dismissed both suits. *Id.* at 77. The Supreme Court disagreed, concluding that success on the prisoners' claims would not have necessarily ensured speedier release; it would have simply entitled the prisoners to speedier consideration of their parole applications. *Id.* at 82. The Court therefore held that *Heck* and its progeny did not bar the prisoners' claims. *Id.*

In this case, success on plaintiff's claims would result in a declaration from a federal court that the procedures used during plaintiff's plea hearing induced him to enter a plea involuntarily, unknowingly, or unintelligently. Contrary to plaintiff's assertion, this declaration would *not* entitle him to participate in the ERP—a federal court cannot order a state court to impose a particular sentence or to enroll a criminal defendant in particular programming. Instead, a declaration from this court would invalidate plaintiff's plea and his resulting incarceration. *Wilkinson* therefore does not allow plaintiff to proceed with this claim under § 1983.[1]

---

[1] In a separate case, plaintiff has filed a petition for a writ of habeas corpus that raises many of the issues that he identifies here. *See Lynch v. Westfield*, No. 14-cv-904 (W.D. Wis. filed Dec. 31, 2014). Thus, plaintiff appears to be seeking the same relief twice. But even if this § 1983 action is a purely altruistic maneuver to save other criminal defendants from entering pleas unknowingly, plaintiff still cannot proceed. He would lack standing to pursue such a

Because I conclude that plaintiff's complaint must be dismissed, I need not address the additional motions that he has filed in this case. I deny them as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED, without prejudice, because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. Plaintiff's "request to add Gov. Scott Walker as defendant," Dkt. 13, and his "motion for assistance recruiting counsel," Dkt. 14, are DENIED as moot.

3. Plaintiff is reminded that he must pay the remainder of the filing fee.

4. The clerk of court is directed to close this case.

Entered August 26, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

claim because a favorable decision that enjoins the state from future conduct would not redress plaintiff's injury. Redressability is a constitutional prerequisite to bringing a suit in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).